**Joseph GARZA, Jr., Appellant,**

v.

**The STATE of Texas.**

**Nos. 1993–01, 1994–01.**

Court of Criminal Appeals of Texas.

May 29, 2002.

Clay B. Steadman, Kerrville, for appellant.

Betty Marshall, Assist. St. Atty., Matthew Paul, State's Attorney, Austin, for state.

*OPINION*

. The opinion of the Court was delivered PER CURIAM.

The trial court convicted Appellant of aggravated robbery and escape. The court sentenced him in the aggravated robbery case to confinement for sixteen years and a $1,000 fine, and in the escape case to ten years and a $1,000 fine. The Court of Appeals found that the record did not contain a written jury waiver or a statement in open court by Appellant waiving his right to a jury trial. *Garza v. State*, 61 S.W.3d 585 (Tex.App.-San Antonio 2001). The court noted that the record contains findings of facts and conclusions of law from the trial court concerning a motion for new trial. The trial court found that based on an affidavit from trial counsel, Appellant was informed of his right to a jury trial and voluntarily and knowingly waived that right. *Id.* at 588. However, the Court of Appeals reversed the conviction, holding that the lack of a written jury waiver or a statement in open court by Appellant was harmful since it affected Appellant's substantial rights. *Id.* at 589.

In *Johnson v. State*, 72 S.W.3d 346 (Tex. Crim.App.2002), this Court held that the lack of a written jury waiver is not harmful when the record reflects that the defendant was aware of his right to a jury trial and waived that right. When the Court of Appeals decided this case, it did not have the benefit of this Court's opinion in *Johnson*. Accordingly, we grant grounds one and two of the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand to that

---

court for reconsideration in light of our opinion in *Johnson.*