Joseph GARZA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–00–00307–CR, 04–00–00308–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 11, 2002.

Clay B. Steadman, Attorney At Law, Kerrville, for Appellant.

E. Bruce Curry, District Attorney, Kerrville, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, PAUL W. GREEN and Justice, KAREN ANGELINI, Justice.

Opinion by: ALMA L. LÓPEZ, Justice.

This appeal is on remand from the Texas Court of Criminal Appeals. Appellant, Joseph Garza, Jr., raised two issues in his brief challenging the absence of a formal written jury waiver and the sufficiency of the evidence to support his conviction. In our original opinion, we only addressed the issue regarding the absence of the written jury waiver, and we held that "the failure to procure a written waiver or a statement in open court by the defendant waiving his right of trial by jury prior to proceeding to a bench trial was error." *Garza v. State*, 61 S.W.3d 585, 588 (Tex.App.-San Antonio 2001), *vacated*, 77 S.W.3d 292 (Tex.Crim. App.2002). We further held that the error

was harmful. *Id.* at 589. The Texas Court of Criminal Appeals vacated our judgment and remanded the cause to our court for reconsideration in light of its opinion in *Johnson v. State*, 72 S.W.3d 346 (Tex.Crim.App.2002). *Garza*, 77 S.W.3d 292, 292–93 (Tex.Crim.App.2002). Both parties waived the right to file a brief on remand.

## JURY WAIVER

In *Johnson*, the court held that the lack of a written jury waiver is not harmful when the record reflects that the defendant was aware of his right to a jury trial and waived that right. 72 S.W.3d at 349. In the instant case, the trial court held a hearing on Garza's motion for new trial. Attached to a response filed by the State after the hearing is the affidavit of Garza's trial counsel. In the affidavit, Garza's trial counsel stated that he advised Garza of his right to a jury trial, explained to Garza his ability to waive that right, and discussed the potential advantages and disadvantages of such a waiver. Garza indicated to his trial counsel that he would like to waive his right to a jury trial and have the case tried before the judge.

In making its ruling on the motion for new trial, the trial court entered findings of fact and conclusions of law. The trial court concluded that Garza was advised of his right to a jury trial and voluntarily and knowingly waived those rights by instructing his trial counsel to seek a non-jury trial. Accordingly, because the record reflects that Garza was aware of his right to a jury trial and waived that right, Garza's point of error is overruled.

## SUFFICIENCY OF THE EVIDENCE

In appeal number 04–00–00308–CR, Garza raised a second point of error challenging the sufficiency of the evidence to

support his conviction of aggravated robbery. Specifically, Garza contends that he had not taken any property before he attempted to leave the gas station and there was no proof that he caused serious bodily injury to another or used or exhibited a deadly weapon while he was in the store and bay area of the gas station. The State responds that Garza's argument is premised on the position that the offense was completed inside the building of the gas station and the events during Garza's flight from the crime scene cannot be used as evidence to support his conviction. The State counters that any conduct surrounding the criminal act, whether prior to, during, or in the immediate flight from the crime scene is relevant to the issue of guilt/innocence.

▆▆▆ In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In our factual sufficiency review, we must consider all of the evidence to determine whether the judgment is "so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust." *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996).

Jerry Jenkins testified that he was working at a gas station when a car pulled in, circled around the driveway, and backed into an area to the left of the station where a patio stood. Jenkins was curious because it was odd for someone to back into that area. Garza and another man, David Rodriguez, came into the store, and Rodriguez asked to use the restroom. Jenkins informed him that the restroom was out of order. As Jenkins opened the door between the store and the service bay, Rodriguez shoved him into the service bay and told him that he was going to "whip [his] ass." Jenkins took a step towards Rodriguez, and Rodriguez shoved him over toward the tire machine. When Jenkins picked up a tire tool, Rodriguez ran away. Jenkins returned to the store and noticed Garza was attempting to grab the cash register. Jenkins grabbed Garza, but Garza knocked Jenkins to the ground and ran away. Jenkins picked up the phone to call the police but noticed that his co-worker had arrived in his truck. Jenkins waved to his co-worker to block the car and went outside. As the car was attempting to pull out, it hit Jenkins. The two vehicles collided, and the car left the station. Jenkins testified that he could have been killed by the car, and he was knocked about 20 feet. The next day, Jenkins went to the hospital. Jenkins had reinjured his back and would require surgery.

Garza testified that he went into the store to purchase a soda and use the restroom. Garza did not hear Rodriguez threaten Jenkins, but he did see Jenkins fall. Garza admitted that the store video tape, which was introduced into evidence, showed him attempting to lift the cash register, but Garza stated that he merely intended to throw it and destroy property because he was angry. Garza was surprised when Jenkins grabbed him from behind, but he did not hit Jenkins. Garza testified that he did not take anything from the store.

▆▆▆ Evidence of flight can be used to prove an element of the offense of aggravated robbery; therefore, the actions taken during flight constitute part of the offense. *Harper v. State,* 930 S.W.2d 625, 630 (Tex.App.-Houston [1st Dist.] 1996, no writ). In addition, the element of the aggravated robbery offense that requires a threat to be made "in the course of committing theft" only requires that the conduct occur in an attempt to commit theft

or in the immediate flight after such an attempt. *Id.; see also Caldwell v. State,* 943 S.W.2d 551, 552 (Tex.App.-Waco 1997, no writ). Therefore, the evidence that Garza was attempting to take the cash register satisfied that element of the offense. Finally, the trial judge could have found that the manner in which the car was used was capable of causing death or serious bodily injury. *See Noyola v. State,* 25 S.W.3d 18, 20 (Tex.App.-El Paso 1999, no pet.) (noting that while automobile is not deadly weapon per se manner of its use supports deadly weapon finding if use is capable of causing death or serious bodily injury); *Green v. State,* 831 S.W.2d 89, 93 (Tex.App.-Corpus Christi 1992, no writ) (holding car to be deadly weapon when driver of car rapidly accelerated toward pedestrian). Jenkins testified that the car struck him, throwing him 20 feet, and a police officer testified that a car hitting a pedestrian would be a deadly weapon. Garza's second point of error is overruled.

CONCLUSION

The judgments of the trial court are affirmed.