Opinion issued July 3, 2003 








In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00728-CR






CARLTON RAY McCALL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 886584






O P I N I O N


 A jury convicted appellant, Carlton Ray McCall, of aggravated robbery, (1)
enhanced with two prior felony convictions, and assessed his punishment at 40 years
imprisonment. In two points of error, appellant challenges the legal sufficiency of the
evidence supporting his conviction. We affirm.

Facts


 Appellant sought to purchase two cartons of cigarettes at a convenience store
using a credit card. When the cashier asked to see appellant's identification,
appellant ran out of the store with the cigarettes. The cashier and a customer chased
after him. They caught up with appellant before he was able to escape, and a physical
struggle ensued, during which appellant dropped the cigarettes and punched the
cashier in the face. When the cashier and the customer had subdued appellant,
appellant's mother jumped out of a waiting car and began to beat on the cashier and
customer. She freed appellant and the two of them got into the car. Appellant pulled
out, tires squealing, and headed directly toward the cashier and customer, causing
them to fear for their lives and to run into the store to keep from being hit by
appellant's car. Appellant denied punching the cashier and also denied attempting
to run over the cashier and customer. He pleaded not guilty, but was convicted by the
jury. The trial court denied appellant's motion to set aside the conviction and grant
a new trial, and this appeal ensued.

Sufficiency of the Evidence


 In his first and second issues, appellant contends that the evidence was legally
insufficient to sustain his conviction. He argues that the trial court abused its
discretion by denying his motion to set aside the conviction and grant a new trial. 
Specifically, appellant contends that there was no evidence of any circumstance that
would increase the offense from robbery to aggravated robbery, other than what he
did after relinquishing control of the cigarettes.

 We apply the same standard of review to a trial court's denial of a motion for
new trial brought on the basis of insufficient evidence as we do to appellate review
of challenges to the legal sufficiency of the evidence. Chase v. State, 573 S.W.2d
247, 249 n.1 (Tex. Crim. App. 1978). When we review legal sufficiency, the critical
inquiry is whether, after viewing the entire body of evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); King v. State, 895 S.W.2d 701, 703 (Tex. Crim.
App. 1995).

 A person commits theft if he unlawfully appropriates property with the intent
to deprive the owner of the property. Tex. Pen. Code Ann. § 31.03(a) (Vernon
2003). A person commits robbery if, in the course of committing a theft, and with
intent to obtain or maintain control of the property, he causes bodily injury to another. 
Id. § 29.02(1) (Vernon 2003). A person commits aggravated robbery if, in the course
of committing a robbery, he uses or exhibits a deadly weapon. Id. § 29.03(a)(2)
(Vernon 2003). 

 Appellant contends his conviction must be set aside because he had no intent
to obtain or maintain control of the cigarettes at the time he began to "act out" in his
car. (2) This argument has been explicitly rejected by the Court of Criminal Appeals in
a case directly on point. In White v. State, 671 S.W.2d 40 (Tex. Crim. App. 1984),
the defendant grabbed the complainant's purse in a parking lot. Id. at 41. When the
complainant would not let go of the purse, the defendant dragged her along the
ground until two bystanders gave chase. Id. The defendant dropped the purse and
ran to a nearby car; as he did so, he urged the driver of the car to shoot one of the
bystanders, which the driver did. Id. The defendant was convicted of aggravated
robbery. Id. at 40. On appeal, the defendant argued that there was no evidence that,
at the time of the shooting, he was attempting to obtain or maintain control of the
property. Id. at 41. The court noted that no completed theft is required for the
prohibited conduct to constitute robbery. Id. The court also observed that the
element of "intent to obtain or maintain control of the property" addresses the
robber's state of mind during the theft or attempted theft, not his state of mind during
the assault. Id. at 42. Therefore, the court held that violence accompanying an escape
immediately subsequent to an attempted theft can constitute robbery. Id.; accord
Lawton v. State, 913 S.W.2d 542, 552 (Tex. Crim. App. 1996) (holding that, if
violence occurs after offender has abandoned theft and is escaping, no intent to
control property during escape need be shown).

 The use of a gun in White elevated the offense to aggravated robbery. Id. at 40.
A deadly weapon is anything that, in the manner of its use or intended use, is capable
of causing death or bodily injury. Tex. Pen. Code Ann. § 1.07(a)(17)(b) (Vernon
2003). When appellant drove toward the complainant and customer in his car, he
used the car as a deadly weapon, thus committing an aggravated robbery. See Tex.
Pen. Code Ann. § 29.03(a)(2). It does not matter that, at the time he used the car as
a deadly weapon, he had abandoned the cigarettes. White, 671 S.W.2d at 42; Lawton, 
913 S.W.2d at 552. The trial court did not err in denying appellant's motion to set
aside the verdict and grant a new trial. We hold that the evidence was legally
sufficient, and we overrule appellant's first and second issues.

 We affirm the trial court's judgment.


 


 Evelyn V. Keyes

 Justice


Panel consists of Justices Hedges, Nuchia, and Keyes.


Publish. Tex. R. App. P. 47.4.
1. Tex. Pen. Code Ann. § 29.03(2) (Vernon 2003). 
2. Inexplicably, appellant concedes he committed a robbery, despite the fact that
the language he contends does not apply--intent to obtain or maintain control of the
property--appears in the robbery statute, not the aggravated robbery statute.