# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-02-00430-CR

**Shannon Scott, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. 9024046, HONORABLE BOB PERKINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Shannon Scott appeals from his conviction for aggravated assault with a deadly weapon. *See* Tex. Pen. Code Ann. § 22.02 (West 2003). After a jury verdict of guilty, the jury sentenced appellant to eleven years in the Texas Department of Criminal Justice-Institutional Division. We will affirm his conviction.

### Factual and Procedural Background

On August 8, 2001, sometime after 5:00 p.m., appellant and David Socha, a narcotics detective with the Austin Police Department ("APD"), met in the parking lot of a restaurant on north IH-35 in Austin. As part of an undercover operation, Socha had arranged to sell marihuana to Scott in return for twenty five MDMA[1] tablets. Four APD officers, Detectives Suitt, Hernandez, Moore,

---

[1] 3,4-methylenedioxymethamphetamine, also referred to as "Ecstasy" or "X."

and Brown, were in the same lot in an unmarked Toyota 4-Runner, acting as the takedown team. An unmarked Ford Ranger pickup was occupied by APD detective David Burns and Williamson County Deputy Sheriff Sharif Mezayek.[2] (Socha described the truck as a "mini-truck"). Socha testified that during his conversation with Scott, he returned to his unmarked vehicle and signaled the takedown team to arrest appellant.

According to several officers' testimony,[3] Burns pulled the Ranger ahead of appellant and backed up to position the truck approximately two to three feet from appellant's front bumper. Appellant was driving a Chrysler 300M. Suitt pulled the 4-Runner behind appellant's vehicle in an attempt to block appellant in. Socha testified that he saw appellant putting his car into drive and yelled, "Police." The officers then testified that appellant rammed Burns's truck twice to move it out of the way so he could flee the parking lot. Socha testified that the impact pushed Burns's car "a good distance" and appellant successfully drove away. He was arrested a short time later.

Mezayek, who was on the passenger side of Burns's truck, testified that he got out of the car after the first impact and had to move out of the way quickly so he would not be struck by appellant's car when he rammed the vehicle for the second time and escaped. He said that he got a headache and was sore for a few days after the collision.

---

[2]  A "takedown team" consists of a number of officers, whose job it is to stop and arrest a subject after an undercover officer makes a transaction and indicates that it is a sufficient act to justify an arrest. Mezayek was a participant as part of his narcotics training for the Williamson County Sheriff's office.

[3]  All participants except detectives Moore and Brown testified.

2

Burns testified that when appellant rammed the back end of his vehicle the first time it caused the back end to raise in the air. When appellant rammed it a second time, he did so at an angle so as to push the back end of Burns's vehicle over three to four feet. As a result of the collision, Burns suffered lower back and neck pain and degenerative damage to several cervical vertebra. He said that in his opinion and experience as a police officer, appellant purposely rammed the vehicle in a manner that could have caused death or serious bodily injury. The State introduced several photographs depicting the damage to appellant's vehicle and to the Ranger.

Appellant testified. Appellant said he believed that he was being set up for a robbery because of the behavior of the cars in trying to block him into place. Appellant also denied ever seeing a truck in front of him; instead, he testified that the 4-Runner struck his car from the side. As he headed for the exit, he collided with yet another car, which explained the damage to his car.

## Discussion

In his first issue presented, appellant contends that the evidence was legally and factually insufficient to support the jury's verdict on the aggravated assault charge because the evidence was insufficient to show that he used or intended to use an automobile in a manner capable of causing death or serious bodily injury. He argues that the State failed to present evidence that appellant's car was capable of causing death or serious bodily injury because the officers did not testify directly that they actually suffered serious bodily injury.

The standard for reviewing the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense charged. *Jackson v.*

3

*Virginia*, 443 U.S. 307, 319 (1979); *Lane v. State*, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996). All the evidence that the jury was permitted to consider properly or improperly must be taken into account in determining the legal sufficiency of the evidence. *Garcia v. State*, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994); *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). On appeal, we do not reevaluate the credibility of the witnesses or realign, disregard, or weigh the evidence. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).

To determine factual sufficiency, we view the evidence in a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (citing *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). We must review the evidence weighed by the jury tending to prove the existence of the elemental fact in dispute and compare it to the evidence tending to disprove that fact. *Id*. The appellate court may find either that the State's proof of guilt was so obviously weak as to undermine confidence in the jury's determination or that the finding of guilt was against the great weight and preponderance of the evidence. *Id*. at 11. When the defendant proffers contrary evidence, we consider whether the proof of guilt, although adequate if taken alone, is greatly outweighed by the defendant's evidence. *Id*. However, a factual sufficiency review must be appropriately deferential to avoid intruding on the factfinder's role as the sole judge of the weight and credibility of the evidence. *Id*. at 7; *Jones v. State*, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). We are not free to reweigh the evidence, but must exercise our jurisdiction only to prevent a manifestly unjust result. *Jones*, 944 S.W.2d at 648.

One definition of a deadly weapon is "anything that in its manner of use or intended use is capable of causing death or serious bodily injury." Tex. Pen. Code Ann. § 1.07(a)(17(B) (West 2003). Under this definition, the evidence must establish that the object was capable of causing death or serious bodily injury as so used. *Walker v. State*, 897 S.W.2d 812, 813 (Tex. Crim. App. 1995); *Holder v. State*, 837 S.W.2d 802, 807 (Tex. App.—Austin 1992, pet. ref'd). A motor vehicle may be a deadly weapon. *See Garza v. State*, 100 S.W.3d 347, 350 (Tex. App.—San Antonio 2002, no pet.); *Noyola v. State*, 25 S.W.3d 18, 20 (Tex. App.—El Paso 1999, no pet.); *Green v. State*, 831 S.W.2d 89, 93 (Tex. App.—Corpus Christi 1992, no pet.).

Appellant contends that the evidence was not legally sufficient to show that his vehicle was used in a way that showed it was capable of causing death or serious bodily injury; he apparently relies on the short distance between the cars as limiting appellant's ability to accelerate enough to cause death or *serious* bodily injury. Burns testified to more than simple "pain and discomfort" as appellant characterized it. Burns testified that he suffered lower back and neck pain, and degenerative damage to three cervical vertebrae. He also testified that he believed in his experience as a police officer, appellant purposefully rammed the truck in a way that could have caused death or serious bodily injury. Mezayek described suffering a headache and pain from the first impact. He then got out of the truck and Mezayek described having to take evasive action to avoid being struck by appellant's car. *See Green v. State*, 831 S.W.2d at 93 (car found to be deadly weapon when driver of car accelerated rapidly toward pedestrian in parking lot, forcing pedestrian to run inside store). A rational jury could have found beyond a reasonable doubt all the elements of the offense charged. *See Jackson*, 443 U.S. at 319.

5

Appellant also contends that the evidence is factually insufficient to support his conviction because the evidence "clearly supports the alternative hypothesis that [his] vehicle did not in fact collide with the truck occupied by Burns and Mezayek." Appellant bases this claim on his account that the 4-Runner hit him and that he did not even see a vehicle in front of him but collided with a car as he left. He also contends that the photographs introduced in evidence do not show enough damage to support the officers' accounts of events.

Although we compare the evidence tending to support the existence of the elemental fact in dispute and the evidence tending to disprove that fact, a factual sufficiency review must be appropriately deferential so that we do not substitute our judgment for that of the jury. *See Johnson*, 23 S.W.3d at 7. We do not reweigh the evidence. In this case, the jury was presented with two very different scenarios—that provided by the police officers, and that provided by appellant to explain the damage to his car and why he fled the scene. The jury did not believe appellant's version; that disbelief is not so against the great weight and preponderance of the evidence as to be manifestly unjust. We overrule appellant's issue challenging the legal and factual sufficiency of the evidence.

*Ineffective Assistance*

In his second issue, appellant contends that counsel rendered ineffective assistance by failing to request and secure the services of an expert to examine the evidence of the collision alleged as an assault, and to present evidence in support of defendant's theory argued at trial. Appellant urges that the focus of his closing argument was on the factual inconsistencies between the State's witnesses' testimony, appellant's testimony, and the State's exhibits depicting the condition of the vehicles involved in the alleged aggravated assault. Therefore, the absence of an

6

expert opinion resulted in an absence of any authoritative evidence to support the defensive theory he argued and also prejudiced his defense by forcing him to take the stand in an attempt at rebuttal.

The Sixth Amendment to the United States Constitution guarantees the right to the reasonably effective assistance of counsel in a state criminal proceeding. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). To show ineffective assistance of counsel, a convicted defendant must show that his trial counsel's performance was deficient, in that counsel made such serious errors he was not functioning effectively as counsel; and the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland*). Prejudice is demonstrated when the convicted defendant shows "a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Banks v. State*, 819 S.W.2d 676, 681 (Tex. App.—San Antonio 1991, pet. ref'd). Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the results unreliable. *Strickland*, 466 U.S. at 687; *Oestrick v. State*, 939 S.W.2d 232, 237 (Tex. App.—Austin 1997, pet. ref'd).

Under *Strickland*, a defendant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996); *Parmer v. State*, 38 S.W.3d 661, 665 (Tex. App.—Austin 2000, pet. ref'd). Whether the *Strickland* test has been met is judged by the totality of the representation rather than

7

by isolated acts or omissions of trial counsel, and the test is applied at the time of the trial, not through hindsight. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990); *Banks*, 819 S.W.2d at 681. Judicial review of a defendant's claim of ineffective assistance must be highly deferential to trial counsel. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. 689; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813; *Josey v. State*, 97 S.W.3d 687, 696 (Tex. App.—Texarkana 2003, no pet.). In the absence of direct evidence in the record of counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation if any can be imagined. *Thompson*, 9 S.W.3d at 813. The challenged conduct will not, under the circumstances, constitute deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *See Garcia*, 57 S.W.3d at 441; *Thompson*, 9 S.W.3d at 814.

*Thompson* notes, "[a] substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal. Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation." 9 S.W.3d at 813. So it

8

is with this case in which appellant raises his ineffectiveness claim in a direct appeal.[4] The efforts, or lack thereof, on counsel's part to investigate the case or secure an expert are not part of the record. We do not know if the attorney attempted to secure an expert; he might have attempted to do so, but could not find one to corroborate appellant's version. Finally, the jury is the fact-finder and the sole judge of the weight and credibility of the evidence. Even had an expert been produced, the jury would still have been evaluating the testimony of multiple police officers involved in the event against the opinion testimony of an expert, most likely one who was paid. The jury may still have chosen to believe the police officers.

Appellant has not, on this record, demonstrated that the absence of an expert, if error, was such a serious error, that counsel did not function effectively as counsel and that the deficient performance prejudiced the defense to such a degree that he was deprived of a fair trial. *See Strickland*, 466 U.S. at 687. He has not shown that there is a reasonable probability that but for the lack of expert testimony, the result of the proceedings would have been different; that is, he has not undermined our confidence in the outcome of the trial. *See Banks*, 819 S.W.2d at 676. Because appellant has not made both showings, we cannot say that the conviction resulted from a breakdown in the adversarial process that renders the results unreliable. *See Oestrick*, 939 S.W.2d at 237. Accordingly, appellant has not overcome the presumption of reasonable professional representation, *see Jackson*, 877 S.W.2d at 771, and his claim of ineffective assistance fails. We overrule appellant's second issue.

---

[4] "A writ of *habeas corpus* is the more appropriate vehicle to raise ineffective assistance of counsel claims." *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (citing *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)).

9

## Conclusion

We have overruled both of appellant's issues.  We affirm the trial court's judgment.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   July 24, 2003

Do Not Publish