NUMBER 13-02-345-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

 

ROBERT POINDEXTER,                                                                 Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 347th District
Court of Nueces County, Texas.

 

MEMORANDUM OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Garza

 








After a bench trial, appellant was convicted of the
felony offense of possession of a controlled substance with intent to
deliver.  On appeal, this Court held that
the evidence was legally insufficient to support appellant=s conviction, reversed the conviction, and ordered
an acquittal.  Poindexter v. State,
115 S.W.3d 295, 296B97 (Tex. App.CCorpus Christi 2003), rev=d, 153
S.W.3d 402 (Tex. Crim. App. 2005).  On
the State=s petition for discretionary review, the court of
criminal appeals concluded that the evidence linked appellant to the contraband
and was legally sufficient to support his conviction.  See Poindexter, 153 S.W.3d at 412B13.  On
remand, this Court now considers appellant=s remaining issues regarding a written jury waiver
and the factual sufficiency of the evidence.

Appellant argues that his conviction and sentence
must be reversed because the clerk=s record does not contain a jury waiver signed by
him and consented to by the State.  See
Tex. Code Crim. Proc. Ann. art.
1.13(a) (Vernon 2005).  We disagree.  The lack of a written jury waiver is not
harmful if, as in this case, the record reflects that the defendant was aware
of his right to a jury trial and waived that right.  See Garza v. State, 77 S.W.3d 292, 292
(Tex. Crim. App. 2002) (per curiam). 
Accordingly, appellant=s first issue is overruled.         

Appellant also argues that the evidence is factually
insufficient to support his conviction because he was not present when the
hidden contraband was discovered and did not have access to it.  The evidence adduced at trial included
hearsay testimony to which appellant=s counsel did not object.  According to this testimony, which is
properly considered in a sufficiency review, see Tex. R. Evid. 802, appellant was in possession and knew the
secret location of the contraband later discovered by police at his home.  When viewed in a neutral light, the proof of
guilt in this case is not so obviously weak as to undermine confidence in the
conviction, nor is it greatly outweighed by contrary proof.  See Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996).  Appellant=s second issue is therefore overruled.








The judgment of the trial court is affirmed.        

 

_______________________

DORI CONTRERAS
GARZA,

Justice

 

Do not publish.                                              

Tex.R.App.P. 47.2(b)

Memorandum
Opinion delivered and                     

filed this the
4th day of August, 2005.