IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,542






EX PARTE JOSEPH GARZA, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A99-252 IN THE 216th DISTRICT COURT


FROM KERR COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to sixteen years' imprisonment. The Court of Appeals affirmed his conviction
in a published opinion on December 11, 2002. Garza v. State, 100 S.W.3d 347 (Tex. App.-San
Antonio, no pet). 

 In the instant application, Applicant alleges that his waiver of his right to have a jury assess
punishment was involuntary and that he was denied effective assistance of counsel. Specifically,
Applicant claims that counsel failed to know and inform him that he could not be granted judge-ordered community supervision under Article 42.12, Section 3 of the Texas Code of Criminal
Procedure if he waived his right to have a jury assess his punishment. 

 The trial court, after conducting a live evidentiary hearing at which trial counsel testified, has
determined that trial counsel was ineffective and that Applicant's waiver of his right to have a jury
assess punishment was made unknowingly and involuntarily. We agree. 

 Relief is granted. The sentence in Cause No. A99-252 in the 216th Judicial District
Court of Kerr County is set aside, and Applicant is remanded to the custody of the Sheriff of Kerr
County so that a new punishment hearing may be held.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.

Delivered: November 15, 2006

Do Not Publish