NO. 07-09-0178-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



DECEMBER
15, 2010

 



 

MICHUEL ALLEN REAMY,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 58,867-A; HONORABLE HAL MINER,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Michuel Allen Reamy challenges his
conviction of aggravated robbery by contending the evidence is insufficient to
show he 1) intentionally or knowingly threatened another or placed another in
fear of imminent bodily injury or death, 2) used or exhibited a deadly weapon
in the course of committing robbery, and 3) employed a weapon in any manner
that facilitated a robbery.  We disagree
and affirm the conviction.

 

 

Background

On November 18, 2008, Juan Montelongo, the
manager of the Pilot store at Lakeside and I-40 in Amarillo, heard strange
noises and observed appellant acting suspiciously around a case containing electronics.  He then saw appellant walk toward him and
leave the store.  Montelongo went
straight to the glass case which was broken and determined that two radar
detectors were missing.  

            Montelongo
got in his vehicle and followed appellant to America’s Best Value Inn.  He confronted appellant but appellant denied
that he had stolen anything.  








Appellant
then moved towards him so Montelongo attempted to restrain appellant.  The two wrestled with each other and fell
into the door of the motel when it was opened by a person in the motel.  Montelongo kept appellant pinned to the
ground.  While doing so, a knife was
observed in appellant’s hand.  Montelongo
released appellant after the police arrived.  The two radar detectors were found on
appellant at the police station.

            Sufficiency
of the Evidence

            Although appellant has challenged
both the legal and factual sufficiency of the evidence, we conduct a review
only to determine whether a rational trier of fact could have found the
elements of the crime beyond a reasonable doubt.  Brooks v. State, No. PD-0210-09, 2010 Tex. Crim. App. Lexis 1240 at *57 (Tex. Crim. App.
October 6, 2010).  To prove aggravated
robbery, the State was required to show that while in the course of committing
theft of property and with intent to obtain and maintain control of that
property, appellant intentionally or knowingly threatened and placed Montelongo
in fear of imminent bodily injury and death and that he used or exhibited a
deadly weapon during the commission of the robbery.  Tex.
Penal Code Ann. §29.02(a)(2) & 29.03(a)(2)
(Vernon 2003).  

Appellant testified at trial. 
In doing so, he admitted to stealing the two items from the Pilot store
and to leaving the store with the intent to maintain control over them and to
avoid capture.[1]  He further admitted that he had denied to
Montelongo and the police that he had stolen anything.  However, he claimed that he never exhibited a
knife or threatened Montelongo.  According
to appellant, he carried his knife clipped on his pocket and, when Montelongo attacked
him, the knife fell out.  

 Nevertheless, there
was evidence that 1) appellant was excited and angry, 2) appellant stepped
toward Montelongo, 3) appellant struggled against Montelongo’s attempted
restraint of him, 4) Montelongo saw a knife in appellant’s hand with an open
blade while they were struggling, 5) appellant would not let go of the knife
although Montelongo instructed him to do so more than once, 6) a motel employee
(Luis Rodriguez) testified that another person (Juan Fuentes) removed the knife
from appellant’s hand, 7) Fuentes testified that he saw the knife in
appellant’s hand while appellant struggled with Montelongo, 8) the knife was
three to three and a half inches long and was a lock blade knife, 9) Montelongo
stated that the knife used by appellant could have caused serious bodily injury
or death and that he was concerned that appellant might use it on him, and 10)
a police officer testified that such a knife was capable of causing serious
bodily injury or death.  

Actions taken during flight from a theft constitute part of
the offense of aggravated robbery.  Garza v. State, 100 S.W.3d 347, 349
(Tex. App.–San Antonio 2002, no pet.); see
also McCall v. State, 113 S.W.3d 479, 481 (Tex. App.–Houston [1st
Dist.] 2003, no pet.) (holding that violence
accompanying an escape subsequent to a theft can constitute aggravated
robbery); Rabb v. State, 681 S.W.2d
152, 154 (Tex. App.–Houston [14th Dist.] 1984, pet. ref’d) (holding
that robbery includes violence that occurs in immediate flight from the scene
of a theft).  Moreover, “use” of a deadly
weapon can be simple possession as long as it facilitates the commission of the
associated offense.  Coleman v. State, 145 S.W.3d 649, 652
(Tex. Crim. App. 2004).  Therefore,
if the jury disbelieved appellant, there was evidence from which it could have
inferred beyond a reasonable doubt that appellant intended to use the knife in
order to escape from Montelongo and maintain possession of the stolen property.[2]  

Accordingly, the issues are overruled and the judgment is
affirmed.

 

                                                            Per
Curiam

 

 

Do
not publish.











[1]Appellant
also admitted to being intoxicated.





[2]Even
if factual sufficiency review was appropriate, we would conclude, from the
entirety of the record, that the evidence is factually sufficient to support
appellant’s conviction.