NO. 07-09-0178-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 15, 2010

_____

MICHUEL ALLEN REAMY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 58,867-A; HONORABLE HAL MINER, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Michuel Allen Reamy challenges his conviction of aggravated robbery by contending the evidence is insufficient to show he 1) intentionally or knowingly threatened another or placed another in fear of imminent bodily injury or death, 2) used or exhibited a deadly weapon in the course of committing robbery, and 3) employed a weapon in any manner that facilitated a robbery. We disagree and affirm the conviction.

*Background*

On November 18, 2008, Juan Montelongo, the manager of the Pilot store at Lakeside and I-40 in Amarillo, heard strange noises and observed appellant acting suspiciously around a case containing electronics. He then saw appellant walk toward him and leave the store. Montelongo went straight to the glass case which was broken and determined that two radar detectors were missing.

Montelongo got in his vehicle and followed appellant to America's Best Value Inn. He confronted appellant but appellant denied that he had stolen anything. Appellant then moved towards him so Montelongo attempted to restrain appellant. The two wrestled with each other and fell into the door of the motel when it was opened by a person in the motel. Montelongo kept appellant pinned to the ground. While doing so, a knife was observed in appellant's hand. Montelongo released appellant after the police arrived. The two radar detectors were found on appellant at the police station.

*Sufficiency of the Evidence*

Although appellant has challenged both the legal and factual sufficiency of the evidence, we conduct a review only to determine whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Brooks v. State,* No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240 at *57 (Tex. Crim. App. October 6, 2010). To prove aggravated robbery, the State was required to show that while in the course of committing theft of property and with intent to obtain and maintain control of that property, appellant intentionally or knowingly threatened and placed Montelongo in fear of imminent bodily injury and death and that he used or exhibited a deadly weapon

2

during the commission of the robbery. TEX. PENAL CODE ANN. §29.02(a)(2) & 29.03(a)(2) (Vernon 2003).

Appellant testified at trial. In doing so, he admitted to stealing the two items from the Pilot store and to leaving the store with the intent to maintain control over them and to avoid capture.[1] He further admitted that he had denied to Montelongo and the police that he had stolen anything. However, he claimed that he never exhibited a knife or threatened Montelongo. According to appellant, he carried his knife clipped on his pocket and, when Montelongo attacked him, the knife fell out.

Nevertheless, there was evidence that 1) appellant was excited and angry, 2) appellant stepped toward Montelongo, 3) appellant struggled against Montelongo's attempted restraint of him, 4) Montelongo saw a knife in appellant's hand with an open blade while they were struggling, 5) appellant would not let go of the knife although Montelongo instructed him to do so more than once, 6) a motel employee (Luis Rodriguez) testified that another person (Juan Fuentes) removed the knife from appellant's hand, 7) Fuentes testified that he saw the knife in appellant's hand while appellant struggled with Montelongo, 8) the knife was three to three and a half inches long and was a lock blade knife, 9) Montelongo stated that the knife used by appellant could have caused serious bodily injury or death and that he was concerned that appellant might use it on him, and 10) a police officer testified that such a knife was capable of causing serious bodily injury or death.

Actions taken during flight from a theft constitute part of the offense of aggravated robbery. *Garza v. State,* 100 S.W.3d 347, 349 (Tex. App.–San Antonio

---

[1]Appellant also admitted to being intoxicated.

3

2002, no pet.); *see also McCall v. State,* 113 S.W.3d 479, 481 (Tex. App.–Houston [1st Dist.] 2003, no pet.) (holding that violence accompanying an escape subsequent to a theft can constitute aggravated robbery); *Rabb v. State,* 681 S.W.2d 152, 154 (Tex. App.–Houston [14th Dist.] 1984, pet. ref'd) (holding that robbery includes violence that occurs in immediate flight from the scene of a theft).  Moreover, "use" of a deadly weapon can be simple possession as long as it facilitates the commission of the associated offense.  *Coleman v. State,* 145 S.W.3d 649, 652 (Tex. Crim. App. 2004). Therefore, if the jury disbelieved appellant, there was evidence from which it could have inferred beyond a reasonable doubt that appellant intended to use the knife in order to escape from Montelongo and maintain possession of the stolen property.[2]

Accordingly, the issues are overruled and the judgment is affirmed.


Per Curiam


Do not publish.

---

[2]Even if factual sufficiency review was appropriate, we would conclude, from the entirety of the record, that the evidence is factually sufficient to support appellant's conviction.