Larry Albert **BEYINCE, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–96–00132–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 2, 1997.

Stephen C. Taylor, Galveston, for appellant.

Richard H. Branson, Galveston, for appellee.

Before LEE, AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

Larry Albert Beyince [Beyince] appeals his conviction for aggravated assault with an affirmative finding of use of a deadly weapon. A jury found Beyince guilty, assessed punishment at 5 years confinement in the Texas Department of Criminal Justice, Institutional Division, and imposed a $5,000 fine. We affirm.

Initially, Beyince was indicted for attempted murder, but the jury found Beyince guilty of the lesser included offense of aggravated assault. During the punishment phase of the trial, the State entered evidence Beyince had twice been granted deferred community supervision on charges of delivery of a con-

trolled substance. Beyince's attorney stipulated to such evidence and rested.

### Ineffective Assistance of Counsel

In his sole point of error, Beyince contends he was denied the effective assistance of counsel at the punishment phase of his trial. He argues his attorney's failure to file a sworn motion for probation precluded the jury from considering awarding him probation instead of jail time. He argues he was, in fact, eligible for probation.

■ The right to counsel, during the punishment phase of a trial, has been interpreted to mean the right to reasonably effective assistance of counsel. *See Ex parte Duffy*, 607 S.W.2d 507, 514, n. 14 (Tex.Crim. App.1980). Under *Duffy* the court must determine (1) whether counsel was reasonably likely to render effective assistance, and (2) whether counsel reasonably rendered effective assistance. *See Id.* A reviewing court will not use hindsight to second guess tactical decisions made by trial counsel not falling below the objective standard of reasonableness. *See Harvey v. State*, 681 S.W.2d 646, 647 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). The sufficiency of an attorney's assistance is measured by the totality of the representation of the accused. *See Ex Parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim.App.1987). Additionally, the burden falls on the appellant to show ineffective assistance of counsel by a preponderance of the evidence. *See Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim.App.1985).

■ At the time trial commenced on the charges against Beyince, Article 42.12, § 4(e) of the Code of Criminal Procedure provided as follows:

(e) A defendant is eligible for community supervision under this section only if before the trial begins the defendant files a written sworn motion with the judge that the defendant has not previously been convicted of a felony in this or any other state, and the jury enters in the verdict a finding that the information in the defendant's motion is true

TEX.CODE CRIM. PROC. ANN. art. 42.12(4)(e) (Vernon pamph.1997). There is no ambiguity in this procedure. *See Palasota v. State,* 460 S.W.2d 137, 140–41 (Tex.Crim.App.1970) (holding that jury may not consider issue of probation based solely on a sworn motion for such relief; there must be proof of appellant's eligibility for probation in support of that motion). For submission of probation to the jury, the issue must stand on both legs: a sworn motion, and record evidence to support the defendant's eligibility for probation. *See Mercado v. State,* 615 S.W.2d 225, 228 (Tex.Crim.App.1981).

Appellant asserts in his brief that if his trial counsel had filed a sworn motion for probation, it would have enabled the jury to consider probation as an alternative to a sentence of imprisonment. We disagree.

■ Allegations of ineffective representation will be sustained only if they are firmly grounded in the record. *See Faz v. State,* 510 S.W.2d 922, 926 (Tex.Crim.App.1974). Here, appellant complains that his counsel was ineffective based solely on his failure to file a motion for probation. Even if such a motion had been filed for Beyince, it would have been insufficient under Art. 42.12, § 4(e) to allow the jury to consider probation. *Cf. Kinnamon v. State,* 791 S.W.2d 84, 97 (Tex.Crim.App.1990) (holding that because evidence did not authorize the submission of a murder instruction as a lesser included offense, appellant's trial counsel was not ineffective for failing to request it); *see also Mooney v. State,* 817 S.W.2d 693, 698 (Tex. Crim.App.1991) (stating that to provide effective assistance, counsel is not required to engage in the filing of futile motions).

Beyince failed to bring forward on appeal any sworn evidence in the record establishing that he was eligible for probation. Without such evidence, this court cannot determine whether the failure to file the motion was a mere mistake, part of a more egregious omission, or the result of the unavailability of evidence establishing Beyince's eligibility for parole. *See State v. Recer,* 815 S.W.2d 730, 731–32 (Tex.Crim.App.1991)

(noting that to support a claim of ineffective assistance of counsel, "more must be apparent from the record than trial counsel's mere mistake.")

Our decision in this case is founded on the Court's opinion in *Mercado.* In that case, the Texas Court of Criminal Appeals considered a situation similar to the facts in the case *sub judice.* Trial counsel failed to advise the defendant, Hector Mercado, that he was eligible for probation and also failed to file a motion for probation. *See Mercado,* 615 S.W.2d at 226. Because Mercado did not direct the court to any sworn evidence in the record showing he was eligible for probation, the court rejected his claim of ineffective assistance of counsel. *See id* at 228. The court noted the right to counsel, guaranteed by the constitution, did not equate to a guarantee of errorless counsel. *See id.* Whatever error Mercado's counsel may have made was not sufficient to support a claim of ineffective assistance of counsel where the *record* lacks proof of ineffective assistance of counsel. It is appellant's burden to show ineffective assistance by a preponderance of the evidence. *See Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim.App.1984).

Similarly, Beynice fails to direct our attention to any sworn evidence in the record establishing that he was eligible for probation. At the punishment phase, the only new evidence offered or entered into the record was evidence of Beyince's two deferred adjudications. While deferred adjudication will not prevent a jury from assessing probation, if all other procedural requirements are met, it alone is not sufficient evidence to show Beyince was eligible for probation. Without evidence in the record showing Beyince was actually eligible for probation, he can not prove his counsel was ineffective based solely on his failure to file a motion for probation.[1] We overrule Beyince's sole point of error and affirm the judgment below.

---

1. At oral argument, Beyince's counsel acknowledged *Mercado* and its holding requiring affirmative evidence of probation eligibility in the record. However, his counsel invites this court to disregard the *Mercado* holding and find ineffective assistance of counsel without any affirmative evidence of eligibility. This court respectfully declines that invitation.