**Ramon Luis NOYOLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–97–00403–CR.

Court of Appeals of Texas, El Paso.

July 2, 1999.

Jorge Herrera, Silva, Silva& Herrera, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, Tom A. Darnold, Asst. District Attorney, El Paso, for State.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

This is an appeal from a conviction for aggravated assault with a deadly weapon. In three appellate issues, Ramon Luis Noyola challenges the trial court's failure to grant his motion for a directed verdict, the failure to instruct the jury on a lesser included offense of disorderly conduct, and the failure to allow the jury to consider his application for probation. The court assessed punishment at 2 years' at the Institutional Division of the Texas Department of Criminal Justice. We affirm the conviction.

On May 28, 1997, Appellant entered the Department of Human Services ("DHS") Building in El Paso to speak with Isabel Rodriguez. During the encounter, Appellant began to raise his voice, causing a disruption. The security guard, Sergio Duran, was summoned, and asked Appellant to leave. Appellant refused and Duran took Appellant by the elbow and physically escorted him from the building to his car. Appellant hit and kicked Duran. After the kick, Duran attempted to arrest

him and took out his handcuffs. Appellant swatted the handcuffs out of Duran's hands and as Duran bent to pick them up, Appellant started his car, and, with Duran standing behind the open door, Appellant put the car in reverse, dragging Duran a distance. Appellant stopped when he was unable to drive further because a station wagon was parked behind him. Duran sustained cuts and bruises and was treated and released from the hospital the same day.

Appellant complains of the trial court's denial of his motion for directed verdict in his first issue. Appellant contends that the evidence presented was factually insufficient to sustain his conviction.

■ The law is well settled that a challenge on appeal to the denial of a motion for directed verdict is a challenge to the *legal* sufficiency, not the factual sufficiency of the evidence. "We treat a point of error complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence." *Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App.1996), *citing Cook v. State*, 858 S.W.2d 467, 470 (Tex.Crim.App.1993). Under a legal sufficiency standard, when the evidence is viewed in the light most favorable to the verdict, a rational jury must have been able to find the defendant guilty of the essential elements of the crime beyond a reasonable doubt. *See id.* at 482.

■ Appellant first complains that the trial court erred in denying his motion for a directed verdict, and specifically challenges that the jury charge was incorrect as to the deadly weapon finding, thereby raising the State's burden of proof. In the indictment and application paragraphs of the jury charge, the language referring to the car as a deadly weapon reads "capable of causing death *and* serious bodily injury . . . ." [Emphasis added]. The State submitted a special issue to the jury concerning use of a deadly weapon that asked:

Do you find beyond a reasonable doubt that RAMON NOYOLA used or exhibited a deadly weapon to-wit: a motor vehicle, that in the manner of its use *or* intended use was capable of causing death or serious bodily injury? [Emphasis added].

It is the variance between the word "and" in the charge and the word "or" in the special issue that Appellant claims this variance is fatal to the jury's verdict because the charge required the prosecution to prove the car was capable of causing *both* death and serious bodily injury, while the special issue only required a disjunctive finding of death or serious bodily injury, meaning the prosecution failed to satisfy its burden of proof.

In support of his argument Appellant cites the *Benson/Boozer* [1] line of cases that hold that the sufficiency of the evidence must be measured against the jury charge if the language of the charge was more favorable to the defendant and the State failed to object to the erroneous charge. If the incorrect jury charge raises the burden of proof for the prosecution, the defendant is entitled to have his case proven beyond a reasonable doubt in accordance with the burden of proof in the jury charge.

This line of cases was overruled by the Texas Court of Criminal Appeals in *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App. 1997). In *Malik,* the Court of Criminal Appeals held that the evidence presented at trial should be measured against the hypothetically correct jury charge. The evidence presented at trial was sufficient to support the jury's verdict. The evidence showed that Appellant entered the DHS building and caused a disturbance, that he verbally abused and physically assaulted Mr. Duran inside the DHS building and outside, after he had been asked to leave. Several witnesses testified that Appellant quickly accelerated his vehicle in

reverse, dragging Duran behind him. Duran testified that he did not believe Appellant's behavior was an accident, and that Appellant told him he would kill him. An automobile is not a deadly weapon per se, but the State presented ample evidence, through witnesses' testimony, that in this case, Appellant used his vehicle in a manner that was capable of causing death or bodily injury. *See, e.g. Nevarez v. State,* 847 S.W.2d 637, 644 (Tex.App.—El Paso 1993, pet. ref'd). We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court erred in not allowing Appellant to submit an issue to the jury on the lesser-included offense of disorderly conduct. The State contends that disorderly conduct is not a lesser-included offense of aggravated assault. We agree. The determination of whether to submit a lesser-included offense issue to the jury is subject to the two-pronged *Royster/Rousseau* test. *See Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App. 1993); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981). Under the first prong of this test, the lesser-included offense must be included within the proof necessary to establish the offense charged. Under the second prong, there must be some evidence in the record that would permit a jury to rationally find that if the accused is guilty, he is guilty only of the lesser-included offense. *See Barrera v. State,* 914 S.W.2d 211, 212 (Tex.App.—El Paso 1996, pet. ref'd). Appellant contends that under *Bartholomew v. State,* 871 S.W.2d 210, 213 (Tex.Crim.App.1994), because the evidence at trial showed that he could also be guilty of disorderly conduct, that disorderly conduct is necessarily a lesser-included offense of aggravated assault.

However, under *Jacob v. State,* 892 S.W.2d 905 (Tex.Crim.App.1995), which

---

1. *See Benson v. State,* 661 S.W.2d 708 (Tex. Crim.App.1982); *Boozer v. State,* 717 S.W.2d 608 (Tex.Crim.App.1984).

was decided after *Bartholomew,* the Court of Criminal Appeals laid out a three-step framework to determine if an offense is a lesser-included offense of the charged offense as defined by Article 37.09 of the Code of Criminal Procedure. *See* Tex. Code Crim.Proc.Ann. art. 37.09 (Vernon 1981); *Jacob,* 892 S.W.2d at 907–08. First, the statutory elements and the elements of the charged offense as they appear in the indictment must be examined, with special attention to the facts required to prove the charged offense. *See id.* at 907. Second, the elements of the offense sought to be charged as a lesser-included offense must be examined; and third, the proof presented at trial to prove the elements of the charged offense must be examined. *See id.* at 907–08. If the facts required to prove the elements of the lesser-included offense are not functionally the same or less than the charged offense, it is not a lesser-included offense even if the facts presented at trial could prove the lesser-included offense. *See id.* at 908.

Appellant requested two disorderly conduct charges, one for fighting in a public place and the other for threatening in a public place in an obviously offensive manner. *See* Tex.Pen.Code Ann. § 42.01 (Vernon 1994).

The statutory elements of the charged offense of aggravated assault were that Appellant intentionally, knowingly, or recklessly caused bodily injury to another with a deadly weapon. *See* Tex.Pen.Code Ann. § 22.02(a)(2)(Vernon 1994). Thus, the State was required to prove, according to the indictment, that Appellant intentionally, knowingly, or recklessly caused bodily injury to Sergio Duran with a deadly weapon (an automobile).

The statutory elements of the requested disorderly conduct issues are:

> (a) A person commits an offense if he intentionally or knowingly:
>
> . . .
>
> (4) abuses or threatens a person in a public place in an obviously offensive manner;

> . . .
>
> (6) fights with another in a public place. . . .

Tex.Pen.Code Ann. § 42.01(a)(4) and (6). In both instances, the facts required to prove aggravated assault and the facts required to prove disorderly conduct are not functionally equivalent. The offense of aggravated assault, as charged in the indictment, did not require the State to put on evidence or prove that Appellant made threats, or that the threats made were "obviously offensive." Similarly, in regard to fighting in a public place, the State, in proving aggravated assault as charged was not required to put on any evidence that the aggravated assault occurred in public or that it involved a "fight." Although the evidence presented could have proved that Appellant fought in a public place and made threats in a public place that were obviously offensive, that is incidental to the proving of the charged offense of aggravated assault as it was presented in the indictment.

Additionally, the evidence in this case fails the second prong of the *Royster/Rousseau* test in that no rational jury could have found that if Appellant was guilty, he was only guilty of the offense of disorderly conduct by fighting in a public place or threatening in a public place in an obviously offensive manner. Appellant presents no cites to the record that would allow this Court to so find and the State presented evidence in this case that Mr. Duran suffered bodily injury and feared for his life as a result of Appellant's actions. The State intended to prosecute Appellant for his actions in using his vehicle as a deadly weapon that could have caused serious bodily injury or death to Mr. Duran. The fact that the evidence presented may have proven that Appellant committed other offenses in conjunction with the aggravated assault does not warrant the submission of the issue as a less-

er-included offense. We overruled Appellant's issue two.

 In his third issue, Appellant complains of the trial court's failure to consider his application for probation. The State responds that the application was not timely filed under Article 42.12, sec. 4 of the Code of Criminal Procedure. *See* TEX. CODE CRIM.PROC.ANN. art. 42.12, § 4(e)(Vernon Supp.1999). This article requires that a written sworn motion be filed with the judge, stating that the defendant has never been convicted of a felony in this state (Texas) or any other state. Here, Appellant does not contest that the motion was filed on October 1, 1997, the day after trial started. On September 30, 1997, the jury had been sworn and several witnesses testified. The article governing the time to file the application for probation is mandatory. *See Beyince v. State,* 954 S.W.2d 878, 879–80 (Tex.App.—Houston [14th Dist.] 1997, no pet.). Appellant's application was not timely, therefore the trial court did not err in refusing to consider probation.[2]

We affirm the trial court's judgment.

---

**2.** Because we determine that the application was untimely, we do not address Appellant's contention that his conviction in Puerto Rico for domestic violence was not a felony.