# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00295-CR

**Abraham Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 52,862, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

A jury found appellant Abraham Garcia guilty of two counts of aggravated assault with a deadly weapon. The district court assessed punishment for each count, enhanced by a previous felony conviction, at imprisonment for life. Appellant contends the evidence is legally and factually insufficient to sustain the convictions, and that the court erred by refusing to submit instructions on lesser included offenses. We will affirm.

Appellant, intoxicated and driving a stolen truck, attempted to flee from the police. A chase ensued in which appellant reached speeds exceeding 100 miles-per-hour. As he approached an overpass at Interstate 35, he lost control of the truck, drove down a grassy embankment and through a guard rail, and entered the lanes of oncoming interstate highway traffic. Appellant collided with a tractor-trailer, injuring the driver and her passenger.

The two counts of the indictment alleged that appellant intentionally, knowingly, or recklessly caused bodily injury to the complainants by causing the truck he was driving to collide with the complainants= vehicle, and that he used his truck as a deadly weapon during the commission of the assaults.[1] *See* Tex. Pen. Code Ann. '' 22.01(a)(1) (West Supp. 2002), .02(a)(2) (West 1994). Appellant does not dispute that he was shown to have recklessly caused bodily injury to the complainants, but he urges in point of error one that the State failed to prove that his truck was a deadly weapon.

In determining appellant=s legal sufficiency challenge, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found beyond a reasonable doubt that the truck was a deadly weapon. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). In determining his factual sufficiency challenge, the question is whether a neutral review of all the evidence demonstrates that the proof of this element is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury=s finding. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

---

[1] Although it was stolen, we will refer to the truck appellant was driving as Ahis truck.@

A deadly weapon can be Aanything that in the manner of its *use or intended use* is capable of causing death or serious bodily injury.@ Tex. Pen. Code Ann. ' 1.07(a)(17)(B) (West 1994) (emphasis added). Citing opinions applying the Aintended use@ aspect of this definition, appellant argues that the State failed to prove that he intended to injure the complainants with his truck. *See McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (butcher knife was visible in defendant=s pocket as he assaulted robbery victim; evidence supported finding that he intended to use knife in manner capable of causing death or serious bodily injury); *Bailey v. State*, 46 S.W.3d 487, 491 (Tex. App.CCorpus Christi 2001, pet. ref=d) (defendant struck assault victim with boards; evidence supported finding that he intended to use boards in manner capable of causing death or serious bodily injury). These opinions are inapplicable here because appellant in fact *used* his truck in a manner capable of causing death or serious bodily injury.

An intent to achieve a specific purpose is not necessary to support a finding that an object was a deadly weapon in the manner of its use. *Walker v. State*, 897 S.W.2d 812, 814 (Tex. Crim. App. 1995). This Court was recently asked to decide if the evidence supported a finding that a defendant convicted of driving while intoxicated had used his vehicle as a deadly weapon during the commission of the offense. *Mann v. State*, 13 S.W.3d 89, 92 (Tex. App.CAustin 2000), *aff=d*, 58 S.W.3d 132 (Tex. Crim. App. 2001); *see* Tex. Code Crim. Proc. Ann. art. 42.12, ' 3(g)(a)(2) (West Supp. 2002). We held that evidence the defendant crossed the center line of the highway and forced another vehicle to take evasive action to avoid a head-on collision supported a finding that he used his vehicle in a manner capable of causing serious bodily injury or death. *Mann*, 13 S.W.3d at 92. Similarly, we hold in this cause that the evidence of appellant=s *actual use* of his truckC driving over 100 miles-per-hour, losing control and

entering lanes of oncoming traffic, colliding with another vehicleCis both legally and factually sufficient to sustain the jury=s conclusion that appellant used the truck as a deadly weapon during the commission of the assaults. Point of error one is overruled.

In point of error two, appellant contends the district court should have instructed the jury on the lesser included offenses of assault and deadly conduct. A defendant is entitled to the submission of a lesser offense if (1) that offense is included within the proof necessary to establish the charged offense and (2) there is some evidence that would permit the jury to rationally find that the defendant is guilty only of the lesser offense. *Solomon v. State*, 49 S.W.3d 356, 368-69 (Tex. Crim. App. 2001); *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). Both simple assault with bodily injury and deadly conduct were included within the State=s proof in this cause. There was, however, no evidence that appellant, if guilty, was guilty only of one of these lesser offenses.

To be entitled to an instruction on simple assault, it was necessary that there be some evidence that would rationally warrant the jury in finding that appellant did not use his truck as a deadly weapon. It is not enough that the jury might simply disbelieve crucial evidence; there must be some evidence that the truck was not a deadly weapon in the manner of its use. *See Solomon*, 49 S.W.3d at 369. Appellant points to his testimony that his only intent had been to escape the police and that he did not intend to harm the complainants, but we have already explained that appellant=s intent is not determinative of the deadly weapon issue. There is no evidence that would rationally support a finding that appellant assaulted the complainants but did not use a deadly weapon in doing so.

As to the lesser offense of deadly conduct, appellant argues that Athe jury could have believed that he recklessly placed the [complainants] in imminent danger of serious bodily injury without deciding if he used the vehicle [as a deadly weapon].@ *See* Tex. Pen. Code Ann. ' 22 .05(a) (West 1994). But such a finding would not be rational. Appellant could not have placed the complainants in imminent danger of serious bodily injury without using his truck in a manner capable of causing serious bodily injury, that is, as a deadly weapon. Given the undisputed evidence that the complainants suffered bodily injuries, the jury could not have rationally found that appellant was guilty only of reckless conduct. Point of error two is without merit.

The district court issued separate judgments of conviction for each count. The judgments are affirmed.

_____

David Puryear, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: October 24, 2002

Publish

5