# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00688-CR

**Sammie Meredith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 2020286, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Sammie Meredith appeals from his conviction for evading arrest with a vehicle. *See* Tex. Pen. Code Ann. § 38.04(b)(1) (West 2003). The jury also found that appellant had used or exhibited a deadly weapon during the commission of the offense.[1] As enhancement, the State alleged two prior convictions for driving while intoxicated, and one conviction for escape. The jury assessed punishment at eighteen years' confinement in the Texas Department of Criminal Justice-Institutional Division. In two issues on appeal, appellant contends that there was factually and legally insufficient evidence to support the deadly weapon finding. We affirm the conviction.

---

[1] If the person committing the offense of evading arrest uses a vehicle while in flight and does not have a previous conviction for evading arrest, the offense is a state jail felony. Tex. Pen. Code Ann. § 38.04(b)(1) (West 2003). A showing that a deadly weapon was used or exhibited during the commission of a state jail felony enhances the state jail felony to a third degree felony. *See id.* § 12.35(c)(1).

**Factual and Procedural Background**

In the early morning hours of January 26, 2002, Deputy Brian Turner of the Travis County Sheriff's Office noticed that a headlight on appellant's car was burned out. The deputy followed the car and decided to stop appellant. Appellant stopped on Caldwell Lane, a street intersecting Highway 71. As the officer began walking toward appellant's car, appellant drove off at a rapid speed through a residential neighborhood with Turner in pursuit. Turner estimated that appellant's speeds reached 105 miles per hour. Appellant drove erratically, often crossing the center stripe into the opposite lane, driving into ditches, and failing to stop at stop signs.

During the chase, Turner observed two other cars have to swerve onto the shoulder of the road to avoid a head-on collision. At one point, appellant pulled off the road. As the deputy followed, appellant made a half-circle, "came right back at me," and Turner had to take evasive action to avoid appellant. The chase ended when appellant missed a turn and slammed into a tree at approximately 65-75 miles per hour. Turner called for emergency medical services and attempted to assist appellant. Appellant had not been wearing a seatbelt; his head struck the front windshield of the car. Appellant's head was bleeding, but he was conscious. Turner instructed appellant to keep his head still because of the possibility of spinal cord injuries, but appellant was belligerent and uncooperative. Turner noticed several beer cans on the floor of the vehicle. Appellant's breath and clothes smelled of alcohol; his eyes were glassy, his speech slurred. After the fire department freed appellant by cutting away parts of his car, he was transported to the hospital by helicopter. Upon his release, he was arrested. Turner also testified that, in his opinion, residents in the area were endangered by appellant's conduct because he could have hit a residence rather than the tree.

2

## Discussion

Appellant contends that the evidence was both factually and legally insufficient to support the finding that appellant used the car as a deadly weapon. Appellant contends that no one other than appellant was injured in the chase. Therefore, "unlike other cases where a vehicle has been determined to be a deadly weapon, no one was killed during the commission of this offense."

The standard for reviewing the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lane v. State*, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996). All the evidence that the jury was permitted to consider properly or improperly must be taken into account in determining the legal sufficiency of the evidence. *Garcia v. State*, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994); *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). On appeal, we do not reevaluate the credibility of the witnesses or realign, disregard, or weigh the evidence. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).

To determine factual sufficiency, we view the evidence in a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (citing *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). We must review the evidence weighed by the jury tending to prove the existence of the elemental fact in dispute and compare it to the evidence tending to disprove that fact. *Id*. The appellate court may find either that the State's proof of guilt was so obviously weak as to undermine confidence in the jury's determination or that the finding of guilt

3

was against the great weight and preponderance of the evidence. *Id*. at 11. However, a factual sufficiency review must be appropriately deferential to avoid intruding on the factfinder's role as the sole judge of the weight and credibility of the evidence. *Id*. at 7; *Jones v. State*, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). We are not free to reweigh the evidence, but must exercise our jurisdiction only to prevent a manifestly unjust result. *Jones*, 944 S.W.2d at 648.

The applicable definition of a deadly weapon is "anything that in its manner of use or intended use is capable of causing death or serious bodily injury." Tex. Pen. Code Ann. § 1.07 (a)(17)(B) (West 2003). Under this definition, the evidence must establish that the object was capable of causing death or serious bodily injury as so used. *Walker v. State*, 897 S.W.2d 812, 814 (Tex. Crim. App. 1995); *Holder v. State*, 837 S.W.2d 802, 807 (Tex. App.—Austin 1992, pet. ref'd). A motor vehicle may be a deadly weapon. *See Garza v. State*, 100 S.W.3d 347, 350 (Tex. App.—San Antonio 2002, no pet.); *Garcia v. State*, 92 S.W.3d 574, 575-76 (Tex. App.—Austin 2002, no pet.); *Noyola v. State*, 25 S.W.3d 18, 20 (Tex. App.—El Paso 1999, no pet.); *Mann v. State*, 13 S.W.2d 89, 91-92 (Tex. App.—Austin 2000), *aff'd*, 58 S.W.3d 132, 132 (Tex. Crim. App.—2001).

A deadly weapon finding is appropriate when a defendant uses an object in such a way as to threaten deadly force. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). However, the possibility of serious bodily injury or death must be more than merely hypothetical. *See Williams v. State*, 946 S.W.2d 432, 435 (Tex. App.—Fort Worth 1997), *rev'd on other grounds*, 970 S.W.2d 566, 566 (Tex. Crim. App. 1998). Although the possibility of serious injury or death must be more than hypothetical, the State must prove only that the object was

4

*capable*, in the way in which was used, of causing serious injury or death. *See Adame v. State*, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002) (testimony that BB gun capable of inflicting serious bodily injury; not necessary for State to show was actually loaded); *Mann*, 13 S.W.3d at 92 (evidence that defendant crossed center line of highway and forced another vehicle to take evasive action to avoid collision supported finding that defendant used vehicle in manner capable of causing serious bodily injury or death).

In this case, there is evidence that two cars had to take evasive action to avoid colliding with appellant. Turner testified as well about having to avoid a collision with appellant. Fortunately for the other drivers, appellant collided with a tree, rather than one of them. However, the injuries suffered by appellant are evidence that the vehicle was capable, in the way in which appellant used it, of causing death or serious bodily injury. The record contains evidence that others were actually endangered by appellant's conduct; it is not a case in which hypothetical other persons, if they had been present, would have been endangered. *See Mann*, 13 S.W.3d at 92.

A rational trier of fact could have found the vehicle a deadly weapon. *See Jackson*, 443 U.S. at 319; *Lane*, 933 S.W.2d at 507. As discussed above, appellant's injuries show that the vehicle was capable of causing serious bodily injury in the way in which appellant used it. The danger to others was not hypothetical—three other drivers actually had to take evasive action. We conclude that the State's proof that the vehicle was a deadly weapon was not so obviously weak as to undermine confidence in the jury's determination, nor was the finding that the vehicle was a deadly weapon against the great weight and preponderance of the evidence. *See Johnson*, 23 S.W.3d at 11.

5

## Conclusion

We hold that the evidence is legally and factually sufficient to support the finding that the vehicle was a deadly weapon. We overrule appellant's two issues presented and affirm the conviction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   August 29, 2003

Do Not Publish