

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00167-CR

_____

RICHARD LEONAR WHYTUS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 23,582

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Richard Leonar Whytus appeals from his conviction by a jury for aggravated assault with a deadly weapon.[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp. 2008). The evidence shows that while quite intoxicated, Whytus drove his car into a daycare full of napping children. Two employees and several of the children were injured.

Whytus has filed a single brief, in which he raises a single issue which is common to all of his appeals. He argues that the trial court committed reversible error by refusing to submit his requested charge on the lesser-included offense of assault causing bodily injury.

A defendant is entitled to a charge on a lesser offense if (1) the lesser offense is included within the proof necessary to establish the offense charged, and (2) there is some evidence that would permit the jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006) (citing *Hayward v State*, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005); *Campbell v. State*, 149 S.W.3d 149, 153 (Tex. Crim. App. 2004)); *Wesbrook v. State*, 29 S.W.3d 103 (Tex. Crim. App. 2000); *Royster v. State,* 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g).

The Texas Court of Criminal Appeals recently expanded upon the first part of this review included within the proof necessary. *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007), has an

---

[1]Whytus appeals from seven convictions in a single trial. In cause numbers 06-08-00167-CR through 06-08-00173-CR, he appeals convictions for aggravated assault with a deadly weapon. He was sentenced to eighteen years' imprisonment in each case, to run concurrently.

extensive discussion of what that means—and concludes that it means: within the meaning of Article 37.09 of the Texas Code of Criminal Procedure, "facts required" means the evidence legally required to prove the elements of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006). The pleadings approach is the sole test for determining in the first step whether a party may be entitled to a lesser-included-offense instruction. Under this "cognate-pleading" test, to determine whether one statutory crime is a lesser-included offense of another statutory crime, a court compares the statutory elements of the greater offense, as modified by the particular allegations in the indictment, with the statutory elements of the lesser offense. *Hall*, 225 S.W.3d at 536.

**The First Stage of Review: Is Assault Causing Bodily Injury a Lesser-Included Offense of Assault With a Deadly Weapon? (Aggravated Assault)**

The indictments in all seven of these cases alleged that Whytus caused bodily injury to a named victim by the reckless use of a deadly weapon, namely, an automobile, that in the manner of its use and its intended use was capable of causing death and serious bodily injury. We addressed this type of combination of offenses in *Jones v. State*, 241 S.W.3d 666, 671 (Tex. App.—Texarkana 2007, no pet.), and concluded that under a similar charge, simple assault (requiring only recklessness as a *mens rea*) is a lesser-included offense of aggravated assault (made aggravated by the use of a deadly weapon).[2]

---

[2]Article 37.09 of the Texas Code of Criminal Procedure states:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to

Thus, bodily injury assault in the manner alleged, but without the deadly weapon, is a lesser-included offense of the alleged aggravated bodily injury assault. Further, the evidence at trial shows that the way in which the item (the automobile) was used meets the definition of a deadly weapon. It was clearly an item that "in the manner of its use" is capable of causing death or serious bodily injury. Thus, the *Hall* strictures have been met.

**The Second Stage of the Review: Is There Evidence that Whytus Committed Only the Lesser Offense of Simple Assault (Without a Deadly Weapon)?**

If a defendant either presents evidence that he committed no offense or presents no evidence and there is no evidence otherwise showing he is guilty only of a lesser-included offense, then a charge on a lesser-included offense is not required. *Bignall v. State*, 887 S.W.2d 21, 22–24 (Tex. Crim. App. 1994); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

---

establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09.

Further, the evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. *Wesbrook*, 29 S.W.3d at 113; *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997). This means that the evidence must allow a jury to rationally conclude that the appellant was guilty only of the lesser offense. *Wesbrook*, 29 S.W.3d at 113–14.

There is no suggestion or evidence that Whytus committed no offense. The question is thus whether there is any evidence that if guilty, he is guilty of the lesser-included offense.

**Analysis**

In determining whether the charge on a lesser-included offense should have been given in this case, the question is whether there is evidence in the record that would permit a rational finding that Whytus, although using the automobile, did not *use or intend to use* his automobile in a manner capable of causing death or serious bodily injury. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon Supp. 2008) (defining "deadly weapon").

We recognize per se that a vehicle is not a deadly weapon. *Noyola v. State*, 25 S.W.3d 18, 20 (Tex. App.—El Paso 1999, no pet.). The question under these facts is whether there is any evidence that it was not actually used in such a way as to be a deadly weapon. In that context, an intent to achieve a specific purpose is not necessary to support a finding that an object was a deadly weapon in the manner of its use. *Walker v. State*, 897 S.W.2d 812, 814 (Tex. Crim. App. 1995). An object which is not a deadly weapon "per se" becomes a deadly weapon where the manner of its use is capable of causing death or serious bodily injury. *Id.* at 814. A specific intent to use a motor

5

vehicle as a deadly weapon is not required. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).

In general terms, this means that in order for appellant to have been entitled to the simple assault charge, there must have been some evidence presented that would have permitted a rational jury to find that appellant did not use a deadly weapon in committing the assault. As specifically applied to this fact situation, before a charge on the lesser-included offense would have been proper, there must be some evidence presented from which the jury could have determined that Whytus did not use his vehicle in a manner capable of causing death or serious bodily injury. *See Dobbins v. State*, 228 S.W.3d 761, 769 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd, untimely filed).

In this context, it is not enough that the jury might simply disbelieve crucial evidence; there must be some evidence that the vehicle was not a deadly weapon in the manner of its use. *Garcia v. State*, 92 S.W.3d 574, 576 (Tex. App.—Austin 2002, no pet.).

To provide such evidence, Whytus directs us to testimony by police officer William Cole explaining that just because there is an automobile involving injuries does not necessarily mean the car was used as a deadly weapon. That is certainly true. However, that theoretical statement is not evidence that in this particular case the vehicle failed to meet the definition of a "deadly weapon" *by its actual use*. In this case, the evidence shows that within five seconds before the crash, Whytus was driving at eighty miles per hour in a thirty-mile-per-hour zone and that the vehicle hit the daycare building at a sufficient rate of speed to crash through a wall, thereby causing injury to a

number of individuals in the building.  This is evidence that Whytus actually used the vehicle in a manner capable of causing death or serious bodily injury.  *See Johnston*, 150 S.W.3d at 638.  There is no affirmative evidence in the record to the contrary.  Thus, there is no evidence that would have permitted a rational jury to find Whytus guilty only of simple assault.  The trial court did not abuse its discretion in refusing to submit the lesser-included offense.  The issue is overruled.

We affirm the judgment.


Bailey C. Moseley
Justice


Date Submitted:     February 26, 2009
Date Decided:       February 27, 2009

Do Not Publish