Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00489-CR

Willie **PIVRAL** a/k/a Willie Pivaral,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-9288-B
Honorable Pat Priest, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:         Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Phylis J. Speedlin, Justice

Delivered and Filed:  July 15, 2009

AFFIRMED

Willie Pivral, a/k/a Willie Pivaral, appeals from his conviction for aggravated assault with

a deadly weapon, asserting that his trial counsel rendered ineffective assistance by allowing him to

elect the trial judge to assess his punishment.  We affirm the trial court's judgment.

**ANALYSIS**

Pivral was indicted for aggravated assault with a deadly weapon based on a shooting that arose out of a dispute over money. He pled not guilty and proceeded to a jury trial. Before trial, Pivral filed an election pursuant to which he requested that the judge assess his punishment if the jury found him guilty. The jury found Pivral guilty of the offense as charged in the indictment; therefore, under article 42.12, section 3g(a)(2) of the Code of Criminal Procedure, the judge was not authorized to grant Pivral community supervision because his offense of conviction involved the use of a deadly weapon. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2) (Vernon Supp. 2008). After a punishment hearing, the judge sentenced Pivral to 15 years' imprisonment. Pivral filed a motion for new trial challenging the sufficiency of the evidence and the fairness of his trial; it was overruled by operation of law.[1]

Pivral's sole issue on appeal is that his trial counsel rendered ineffective assistance by "allow[ing] Mr. Pivral to waive a jury at punishment, rendering his application for community supervision meaningless, despite the record's clear indication that Mr. Pivral desired to be considered for community supervision." He asserts that, because his offense involved a deadly weapon, the only possible way he could have received community supervision was from the jury; therefore, his attorney was ineffective for advising, or permitting, him to elect the judge to assess his punishment, if convicted. *Id.*; TEX. CODE CRIM. PROC. ANN. art. 42.12 § 4 (Vernon Supp. 2008). Pivral contends he was prejudiced because he received 15 years' imprisonment from the trial court, but if he had chosen the jury for his punishment he could have received community supervision.

---

[1] Pivral did not assert ineffective assistance of counsel in his motion for new trial.

To establish ineffective assistance of counsel, a defendant must prove by a preponderance of the evidence that: (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him to such a degree as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999); *Harling v. State*, 899 S.W.2d 9, 12 (Tex. App.—San Antonio 1995, pet. ref'd). To show deficient performance, the first prong of the *Strickland* standard, Pivral must prove that his counsel's performance fell below an objective standard of reasonableness and must rebut the presumption that counsel's trial decisions were based on sound trial strategy. *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). To satisfy this prong, any allegations of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 813. We do not look at isolated acts or omissions to determine the effectiveness of counsel; rather, we review the totality of the representation. *Id.*; *Harling,* 899 S.W.2d at 12. Further, in the absence of a developed evidentiary record which adequately reflects the motives behind counsel's acts and omissions, it is extremely difficult to prove that counsel's performance was deficient. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). Absent record evidence to the contrary, we must presume that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813-814. With respect to the second *Strickland* prong, that counsel's deficient performance prejudiced his defense, the appellant must show there is a "reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (also stating a "reasonable probability" is one sufficient to undermine confidence in the

outcome). Failure to make the required showing of either *Strickland* prong, deficient performance or sufficient prejudice, will defeat a claim for ineffective assistance. *Thompson*, 9 S.W.3d at 813.

We first note that, based on the record before us, Pivral did not properly apply for community supervision from the jury. The appellate record does not contain a sworn written motion for community supervision filed by Pivral. The trial court's docket sheet does contain a written notation on May 13, 2008, stating that, "Defendant elects judge to assess punishment and applies for community supervision."[2] However, the clerk's record only contains the written election for the judge to assess punishment, signed by Pivral and his attorney; there is no sworn motion for community supervision in the record. Section 4 of article 42.12, which authorizes a jury to recommend to the court that a defendant's sentence be suspended and that he be placed on community supervision, requires that a defendant file a written sworn motion before trial stating that he has not previously been convicted of a felony in order to be eligible to receive community supervision from the jury. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(e) (Vernon Supp. 2008) (also requiring a jury finding that the information in the defendant's motion is true). In the absence of such a pretrial written motion signed by Pivral, he was not eligible to receive community supervision from the jury—even if he had elected to go to the jury, instead of the judge, for punishment. *Id.*; *see id.* at § 4(d)(3) (Vernon Supp. 2008) (providing a defendant is "not eligible for community supervision under this section if the defendant: . . . does not file a sworn motion under Subsection (e) of this section or for whom the jury does not enter in the verdict a finding that the

---

[2] This docket notation may have been based on trial counsel's representation, in response to the court's pretrial inquiry, that Pivral had filed his election of punishment and a motion for community supervision. Before voir dire began in the joint trial, the court inquired, "Have the Defendants filed elections as to whether Judge or Jury will assess punishment if they are convicted, and if eligible, have they filed motions – applications for community supervision?" Pivral's attorney responded, "Yes to both on Mr. Pivaral."

information contained in the motion is true"); *see also McCarty v. State*, 227 S.W.3d 415, 418 (Tex. App.—Texarkana 2007), *aff'd*, 257 S.W.3d 238 (Tex. Crim. App. 2008) (defendant is eligible for jury-recommended community supervision only if he files a sworn motion, and proves he has no prior felony convictions); *Noyola v. State*, 25 S.W.3d 18, 22 (Tex. App.—El Paso 1999, no pet.) (motion for community supervision filed after jury was sworn and several witnesses testified was not timely under article 42.12, section 4); *Beyince v. State*, 954 S.W.2d 878, 879-80 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (section 4(e) of article 42.12 governing time to file application for probation is mandatory). "For submission of probation to the jury, the issue must stand on both legs: a sworn motion, and record evidence to support the defendant's eligibility for probation." *Beyince*, 954 S.W.2d at 880 (citing *Mercado v. State*, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981)); *see Ellison v. State*, 201 S.W.3d 714, 718 (Tex Crim. App. 2006) (acknowledging that under section 4 of article 42.12, jury must make two determinations: "(1) the truth or falsity of the information in the defendant's motion, and (2) whether to recommend that the defendant be placed on community supervision instead of serving a term of confinement"). Here, the record contains no motion for community supervision; therefore, Pivral was not "eligible" to receive community supervision from a jury under section 4(d)(3) of article 42.12.

Moreover, while Pivral asserts on appeal that his counsel *may* have himself incorrectly believed that the judge could grant Pivral community supervision, the record shows otherwise. Pivral's counsel made a point of stating on the record during the punishment phase that Pivral was under a "misimpression" that it was possible for him to receive community supervision from the trial judge, and moved for a mistrial on that basis, which was denied.[3] The fact that counsel referred to

---

[3] Pivral's counsel stated, "I need to put an objection into the record, in terms of sentencing, and ask for a mistrial. It is apparent, after interviewing both my client [Pivral] and the witnesses and members of his family, that they

Pivral's belief as a "misperception" shows that counsel himself knew that the trial judge could not grant community supervision to Pivral.

Finally, although Pivral may have been under the false impression during the punishment phase that the trial judge could grant him community supervision, a defendant's misunderstanding of the law regarding his eligibility for community supervision is insufficient, by itself, to support a claim of ineffective assistance of counsel. *See State v. Recer*, 815 S.W.2d 730, 731-32 (Tex. Crim. App. 1991) (to support ineffective assistance claim where complaint is that counsel misunderstood the law regarding probation, there must be evidence that defendant was initially eligible for probation, that counsel's advice to go to judge for punishment was not part of a valid trial strategy, that defendant's decision to have judge assess punishment was based on his attorney's erroneous advice, and that defendant's decision would have been different if attorney had correctly informed him of the law). Here, Pivral has failed to show that he was initially eligible for community supervision from the jury, apart from his election to go to the judge for punishment, because he did not file a sworn written application for community supervision before trial. In his brief, Pivral fails to address this omission from the record, merely asserting "there is nothing on the record to suggest that Mr. Pivral was ineligible for community supervision had the fact finder been able to consider it." Moreover, there are indications in the record that Pivral was admonished by the trial judge, as well as his trial counsel, of the consequences of his election of punishment by the judge. As noted, Pivral's attorney stated on the record during punishment that, despite his conversation with him, Pivral still had a "misperception" that the judge could grant him community supervision. In

---

are under the misimpression that probation is still a possibility on sentencing, while punishment had been discussed at the time of trial, an election was made in that regard. However, it is problematic at this point, if folks still have that misperception, in terms of possible outcomes before the court. For that reason, I would move for a mistrial, if he does not have a clear understanding of an election of using the judge for sentencing, rather than the jury."

addition, the trial court stated on the record during punishment, "Mr. Pivaral is wholly disingenuous . . . I remember telling him . . . that, if he came to me for punishment and the Jury found that he used a deadly weapon, I would not be able to give him probation, and yet, he is here today asking me for probation; that's disingenuous."

We conclude that, even if counsel's performance in advising or allowing Pivral to elect punishment by the court was deficient, Pivral's election had no effect on his ability to receive community supervision; his failure to file a sworn motion before trial made him ineligible for community supervision from the jury under section 4 of article 42.12. We hold that Pivral has failed to establish the prejudice prong under *Strickland*; therefore, we overrule his issue on appeal and affirm the judgment of the trial court.

Phylis J. Speedlin, Justice

Do not publish