# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00174-CR

**James Allen Harris, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 09-147-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

James Allen Harris was convicted of two counts of aggravated assault after he crashed his truck into two other vehicles, injuring two people. *See* Tex. Penal Code Ann. § 22.02(a) (West 2011). During trial, Harris asked the court to instruct the jury that it could convict him of the lesser-included offense of deadly conduct. *See id*. § 22.05(a) (West 2011). The court refused. On appeal, Harris argues that the trial court erred by refusing his request. We affirm the conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 2, 2008, Harris crashed his truck into two other vehicles on Highway 183 in Williamson County. Deputy Sheriff Christopher Cox witnessed the crash. After aiding the occupants of one of the vehicles Harris hit, Cox found Harris walking on the highway looking "very lethargic" or "confused" as though he was suffering from a "severe medical condition or

an intoxication." After the collisions Harris was taken to a hospital, where he tested positive for Valium and Soma, two central-nervous-system depressants.

The State initially charged Harris with two counts of intoxicated assault and two counts of aggravated assault (one for each of the people whom Harris seriously injured), but before trial it dropped the intoxicated assault charges. The parties proceeded to trial. The State called four witnesses who testified to seeing Harris driving recklessly before the collisions. Three of these witnesses also saw the actual collisions. Ernestina and Jose Segovia, who were in the second vehicle that Harris hit, testified that they suffered serious injuries as a result of the collision.

During the jury-charge conference, Harris asked the court to instruct the jury that it could convict him of the lesser-included offense of deadly conduct. To support this request he argued that deadly conduct is included within the proof necessary to establish aggravated assault. The State conceded that point but argued that a lesser-included-offense instruction was nevertheless inappropriate because, given the undisputed evidence that the Segovias suffered serious injuries, the jury could not rationally find that Harris had committed *only* deadly conduct; it would either have to convict him of aggravated assault or acquit him of all criminal responsibility. *See Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007) (defendant entitled to lesser-included-offense instruction if (1) lesser offense is included within proof necessary to establish charged offense and (2) some evidence exists that would permit rational jury to find defendant guilty of only lesser offense). Harris's only response to the State's argument was to reiterate that deadly conduct is included within the proof necessary to establish aggravated assault. The court ultimately refused to

give the lesser-included-offense instruction, and the jury found Harris guilty on both counts of aggravated assault (one count for each of the Segovias). Harris appeals.

**DISCUSSION**

Harris argues that the trial court erred by refusing to instruct the jury that it could convict him of the lesser-included offense of deadly conduct. Specifically, Harris contends that the court erred because it relied on an "overruled" case, *Garcia v. State*, 92 S.W.3d 574 (Tex. App.—Austin 2002, no pet.), in deciding not to give the lesser-included-offense instruction.[1]

Generally speaking, a trial court errs by refusing to give a lesser-included-offense instruction if (1) the lesser offense is included within the proof necessary to establish the charged offense and (2) there is some evidence that would permit a rational jury to find that the defendant was guilty only of the lesser offense. *Hall*, 225 S.W.3d at 535-36. The indictment in this case charged Harris with committing aggravated assault two ways: by (1) recklessly causing serious bodily injury and (2) recklessly causing bodily injury (not necessarily of the "serious" variety) while using or exhibiting a deadly weapon (namely, his truck). *See* Tex. Penal Code Ann. § 22.02(a). A person commits deadly conduct, in contrast, by recklessly engaging in conduct that places another in imminent danger of serious bodily injury. *Id*. § 22.05. Comparing the elements of these offenses, it is clear that in this case the proof necessary to establish aggravated assault could have established

---

[1] In *Garcia* we upheld a trial court's refusal to give a lesser-included-offense instruction in circumstances similar to those at issue here. *See Garcia v. State*, 92 S.W.3d 574, 576 (Tex. App.—Austin 2002, no pet.). Harris argues that *Garcia* was overruled by *Guzman v. State*, 188 S.W.3d 185, 189 n.11 (Tex. Crim. App. 2006).

deadly conduct as well. Thus, the first prong of the lesser-included-offense analysis was satisfied. *See Hall*, 225 S.W.3d at 535.

The second prong of the lesser-included-offense analysis involves determining whether there was some evidence by which a rational jury could have convicted Harris of deadly conduct but acquitted him of aggravated assault. *Id*. at 536. Harris makes two arguments as to why this prong was satisfied. First, he argues that there was "no evidence that [he] was even aware of the presence of the Segovias' [vehicle] on the road prior to the collision." Thus, he argues, the jury could have concluded that although he drove recklessly and placed others in imminent danger of serious bodily injury (thereby satisfying the elements of deadly conduct), he "did not recklessly *cause the result*." (Emphasis added.)

This argument relies on a false premise: that for an actor's recklessness to "cause" harm to a particular victim, the actor must be aware that he is placing *that particular victim* at risk. In actuality, "[a] person is . . . criminally responsible for causing a result if the only difference between what actually occurred and what he . . . risked is that . . . a different person . . . was injured." Tex. Penal Code Ann. § 6.04(b)(2) (West 2011). Thus, if Harris risked injuring *anyone*, he was criminally responsible for "causing" the Segovias' injuries regardless of whether he knew of the Segovias' presence. Harris concedes that he drove recklessly, i.e., was "aware of but consciously disregard[ed] a substantial and unjustifiable risk that" his driving might cause injury. *Id*. § 6.03(c) (West 2011) (defining recklessness). That being the case, for purposes of determining whether Harris's recklessness "caused" the Segovias' injuries, there did not need to be evidence that Harris knew his conduct might harm the Segovias in particular. *See id*. § 6.04(b)(2); *see also Newman v.*

4

*State*, 49 S.W.3d 577, 579-80 (Tex. App.—Beaumont 2001, pet. ref'd) (rejecting appellant's argument that "her state of mind could not be reckless as to a vehicle of which she was not actually aware"; "As roads are made for travel by motor vehicles, the likelihood that one will encounter a motor vehicle on a road is obvious. The State did not have to prove that Newman was actually aware of the presence of [her victim's] vehicle in order for her presence in his lane of traffic to reveal conscious risk creation.").

Next, Harris argues that he was entitled to a lesser-included-offense instruction because there was some evidence that another motorist "cut him off" before the collisions, so "the jury could have believe[d] that, although Mr. Harris was driving recklessly, there was an intervening cause to the collision[s]." This argument fails because if an "intervening cause" is reasonably foreseeable, it does not negate an actor's conduct as the "cause" of a result.[2] *See Williams v. State*, 235 S.W.3d 742, 764-65 (Tex. Crim. App. 2007). It is obviously quite foreseeable that one might be cut off by another motorist while driving on a public highway, especially while speeding and weaving. Thus, even if Harris's being cut off was an "intervening cause" of the collisions, it was not a basis for the jury to find that Harris's conduct did not "cause" the collisions. *See* Tex. Penal Code Ann. § 6.04(a) (West 2011) (defining causation for purposes of criminal culpability). Harris's argument fails as a result. We affirm the conviction.

---

[2] Harris's "conduct" was, of course, reckless driving. By definition, "conduct" is an act plus its accompanying mental state. *See* Tex. Penal Code Ann. § 1.07(a)(10) (West 2011). Harris does not challenge the jury's determination that he drove recklessly, and indeed his argument *depends* on the assumption that he drove recklessly; without it, he could not have been convicted of deadly conduct and so would not have been entitled to a lesser-included-offense instruction in any event. *See id*. § 22.05 (West 2011) (recklessness is element of deadly conduct).

5

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   April 6, 2012

Do Not Publish